## ELISHA COLLINS *vs.* FRANCIS STEPHENSON.

Testimony that certain statements were made to a witness cannot be contradicted by evidence that the statements to which he testifies were not true.

The defendant in an action of slander, in order to rebut the inference of malice from certain statements made by him of the plaintiff's difficulties with his wife, offered to prove "that the plaintiff's wife had in fact complained of his abuse in connection with her leaving him at a certain time." *Held*, that an exception to a refusal to admit this evidence could not be sustained.

A witness, who, being called by one party, testifies that he has never threatened revenge against the other party, may be contradicted on this point by other testimony.

ACTION OF TORT for slander in charging the plainiff with adultery. Trial in the court of common pleas at October term 1856, before *Briggs, J.*

Alonzo Stafford, a witness called by the plaintiff, testified to the slanderous words alleged; and, in connection with the alleged slander, testified that the defendant stated that the plaintiff, in various particulars, maltreated his wife and had difficulty with her. In order to show malice in the defendant, Stafford was then permitted to testify that the plaintiff's wife, in a subsequent interview with the witness, negatived the defendant's statements, and gave a long detailed account of the origin and cause of any difficulty between her and her husband, implicating both the defendant and Hiscox, the clergyman of the religious society to which the parties belonged, as having occasioned the difficulties. Stafford also testified that he communicated the account given him by the plaintiff's wife to the defendant, who replied, " Don't you believe any such thing. Collins has so used his wife, that she will say just what he wants her to; she is so afraid of him."

In reply to this, the defendant offered to prove "that all the statements related by said Stafford as having been made to him by plaintiff's wife were untrue, as evidence tending to show that the evidence of Stafford in regard to said statements was also untrue." But the court ruled that the evidence was inadmissible.

The defendant then offered to prove, by said Hiscox, " that the plaintiff's wife had in fact complained of his abuse in connection with her leaving him at a certain time." But this evidence was objected to by the plaintiff and excluded by the court.

Hiscox having been examined as a witness for the defendant in the case, the plaintiff, upon cross-examination, inquired of him if he had ever threatened revenge upon the plaintiff; to which he answered that he had not. Whereupon, for the purpose of discrediting Hiscox, the plaintiff offered to testify that he had so threatened. The defendant objected; but the court permitted the plaintiff so to testify; and he did testify to threats of revenge made against him by said Hiscox.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*I. Sumner & J. Price,* for the defendant.

*M. Wilcox,* for the plaintiff.

THOMAS, J.   1. The testimony offered to contradict Stafford was rightly excluded. It would not contradict him. Stafford had testified to statements made by the plaintiff's wife, which were related by the witness to the defendant, and to the defendant's reply and remarks thereupon. It was only as the inducement to what was said by the defendant, as part of the conversation with him, and as necessary to the understanding of the reply and remarks of the defendant, that the declarations of the wife were competent evidence. The plaintiff did not offer to show that the wife did not make the statements which the witness had repeated to the defendant; but that the statements were not true. Whether they were true or not was not the question. Stafford had not averred their truth or falsity; but that he had the statements from the plaintiff's wife, repeated them to the defendant, and that he thereupon made certain declarations as to the plaintiff.

2. We have to regret that upon the second exception we have not a more precise statement of what the evidence offered was. Upon the bill of exceptions as it stands, it was an offer by the defendant to prove generally that the wife complained of the abuse of her husband in connection with her leaving him. If the offer had been simply to show that the wife left the house of her husband, and, at the time of leaving, and as part of the act, declared her reason for going, it might have been competent. But the rule of the *res gestæ* would not render competent any narrative as to the past conduct of her husband, or detailed statement of any abuse. The ground upon which the competency of the evidence was put at the argument we may fairly presume to have been that suggested at the trial; and that was its tendency to rebut the inference of malice and ill will in the defendant. But the objection is not to the fact to be proved, but to the method of proof—to the declarations of the wife of the plaintiff, incompetent because without the sanction of an oath, and because of the relation between the parties. It does not appear by the report that the testimony offered was compe-

tent, and the exception must therefore be overruled.  To sustain an exception for the exclusion of evidence, it is not enough to show that, under some circumstances and with certain limitations, the evidence might be competent.   If the existence of particular facts is necessary to make the evidence offered competent, these must appear in the bill of exceptions.  *Parmenter* v. *Coburn*, 6 Gray, 509.

3. The evidence to discredit Hiscox was competent.  The matter upon which he was contradicted was not collateral, but the state of the witness's mind and feelings towards the plaintiff — affecting directly the credit and weight to be given to his testimony.  *Folsom* v. *Brawn*, 5 Foster, 114.

*Exceptions overruled.*